IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CINDY BOBRYK, individually and on behalf of all those similarly situated, 22 Steinfeld Ave., Pittsgrove, NJ 08318<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DURAND GLASS MANUFACTURING COMPANY, INC. 901 South Wade Boulevard, Millville, NJ 08332<br><br>and<br><br>JOHN DOES 1-10<br><br>　　　　　　Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME AND WAGES UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND WAGES UNDER NEW JERSEY WAGE AND HOUR LAW AND NEW JERSEY WAGE PAYMENT LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION CIVIL COMPLAINT

Cindy Bobryk ("Named Plaintiff"), individually and on behalf of all those similarly situated, hereby complains as follows against Defendants.

### INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA, and failed to pay wages to Named Plaintiff and those similarly situated for certain hours worked in violation of the FLSA.

2. In addition, Named Plaintiff has initiated the instant action to redress violations by Defendants of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (collectively "New Jersey Wage Laws"). Named Plaintiff asserts that Defendants failed to pay

1

Named Plaintiff and those similarly situated proper overtime compensation and wages for all hours worked, in violation of the New Jersey Wage Laws.

## JURISDICTION AND VENUE

3. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

6. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Named Plaintiff Cindy Bobryk is an adult individual with an address as set forth above.

9. At all times relevant herein, Named Plaintiff worked for Defendant Durand Glass Manufacturing Company, Inc. (hereinafter referred as "Defendant Durand Glass") at its facility in Millville, New Jersey, at 901 South Wade Boulevard.

10. Defendant Durand Glass, upon information and belief, is headquartered in New Jersey at the address as set forth above and operates at least one facility in the state of New Jersey.

11. Defendants John Doe 1 through John Doe 5 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to the FLSA and/or New Jersey Wage Laws.

12. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Plaintiffs.

13. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all plant workers and others in similar non-exempt positions presently and formerly employed by Defendants subject to Defendants' unlawful pay practices and policies and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

15. Named Plaintiff and Collective Plaintiffs work and/or worked for Defendant Durand Glass in the United States within the last three years.

16. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

17. There are numerous similarly situated current and former employees of Defendant Durand Glass who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18. There are numerous similarly situated current and former employees of Defendant Durand Glass who Defendants failed to pay for pre- and post-shift activities and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

19. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

20. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

21. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings her claim for relief to redress Defendants' violations of the New Jersey Wage Laws on behalf of herself and those similarly situated.

23. Specifically, Named Plaintiff seeks to bring this action on behalf of all plant workers and others in similar non-exempt positions presently and formerly employed by Defendants in New Jersey subject to Defendants' unlawful pay practices and policies and who worked for Defendants at any point in the two years preceding the date the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

24. Named Plaintiff and Class Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

25. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, upon information and belief, the number of potential class members is at least several hundred.

26. Named Plaintiff's claims are typical of the claims of Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was employed by Defendants within the last two years in New Jersey (1) whom Defendants forced to work off-the-clock and (2) whom Defendants required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by the New Jersey Wage Laws.

27. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

28. Therefore, Named Plaintiff should be permitted to bring this action as a class action for and on behalf of herself and those employees similarly situated.

## FACTUAL BACKGROUND

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. Named Plaintiff worked for Defendants from on or about March of 2000 until approximately August of 2012.

31. From in or about October of 2006 through on or about August 8, 2012, Named Plaintiff worked as an electrical mechanic ("E.M.") throughout Defendants' production facility located at the address listed above.

32. Defendants committed the wage and hour violations asserted herein throughout Named Plaintiff's employment with Defendant Durand Glass, and upon information and belief, continue to commit such violations.

33. Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs (hereinafter collectively "Plaintiffs") are current and/or former employees of Defendant Durand Glass who within the last three years have been or are presently employed by Durand Glass as plant workers and/or in similarly situated positions.

34. Upon information and belief, Defendant Durand Glass has maintained an unlawful wage payment system for at least the last three years, and has enforced such unlawful policies throughout its facilities in the state of New Jersey.

### UNPAID PRE-SHIFT AND POST-SHIFT TIME

35. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

36. Upon information and belief, Plaintiffs were scheduled for 8 hour shifts, 5 days per week.

37. However, Plaintiffs regularly worked and continue to work in excess of 40 hours per workweek because Defendants required Plaintiffs to work before and after their scheduled shifts.

38. At all relevant times herein, Defendants required Plaintiffs, prior to the official start time of their shifts, to report to the work facility and perform required pre-shift duties.

39. Defendants' mandated pre-shift duties required Plaintiffs to don protective equipment, collect work equipment and tools, walk to a designated work area, receive critical information (from outgoing shift workers) relating to the work to be performed during the day, and perform other required work-related tasks, without compensation.

40. Defendants failed to pay Plaintiffs for any of the time spent by same as described in the preceding paragraph.

41. Defendants only paid Plaintiffs for their "scheduled" shift time.

42. Following their scheduled shifts, Defendants required Plaintiffs to work beyond their scheduled shift times on a regular basis and failed to pay them for such time.

43. Defendants' mandated post-shift duties required Plaintiffs to perform work after their scheduled shift time, by requiring them to stay in their production location until shift-end, and then, to provide critical information to incoming shift workers, doff their PPE, return work equipment, walk to the time-clock, clock-out, and perform other required work-related tasks..

44. Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs spent or continue to spend approximately thirty (30) to forty-five (45) minutes per shift on uncompensated pre and post shift activities.

45. Upon information and belief, until late 2011, Defendants permitted Plaintiffs to clock in upon reporting to work at the initiation of pre-shift duties, and clock-out upon the completion of post-shift duties. Regardless of the actual time worked and/or clocked in, Plaintiffs were only paid for the time of their scheduled shifts, a time which was arbitrary because Plaintiffs worked both before and after their scheduled shift.

46.     Upon information and belief, since late 2011, Defendants have prohibited Plaintiffs from clocking in upon commencement of and clocking out upon completion of shift duties.

47.     Upon information and belief, since late 2011, Defendants only permit Plaintiffs to clock in between 7 to 10 minutes in advance of their scheduled shift start times, even though the performance of all pre-shift duties requires working in advance of the permitted clock-in time, and up to one-half hour prior to the scheduled shift-start time.

48.     Upon information and belief, since late 2011, Defendants only permit Plaintiffs to clock-out between 7 and 10 minutes after their scheduled shift end times, even though the performance of post-shift duties require working later than the permitted clock-out time, and up to one-quarter hour after the scheduled shift-end time.

49.     Defendants continue to only compensate employees for their scheduled shift times, regardless of actual hours worked, or time recorded in accordance with Defendants' time records.

50.     Much of this uncompensated time consists of time worked in excess of 40 hours per workweek, and accordingly, by failing to pay Plaintiffs for this time, Defendants are failing to pay proper overtime compensation.

51.     The aforementioned conduct has caused damages to Plaintiffs.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

52.     The foregoing paragraphs are incorporated herein as if set forth in full.

53.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

54. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

55. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

56. Under the FLSA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

57. Defendants' violations of the FLSA include, but are not limited to:

   a. Not paying Named Plaintiff and Collective Plaintiffs any overtime pay for overtime hours for hours spent on pre-shift activities.

   b. Not paying Named Plaintiff and Collective Plaintiffs any overtime pay for overtime hours for hours spent on post-shift activities.

58. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly is willful and not based upon any reasonable interpretation of the law.

59. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### New Jersey Wage Laws
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. At all times relevant herein, Defendants have and continue to be employers within the meaning of the New Jersey Wage Laws.

62. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Class Plaintiffs.

63. At all times relevant herein, Named Plaintiff and Class Plaintiffs were employed with Defendants as "employees" within the meaning of the New Jersey Wage Laws.

64. Under the New Jersey Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

65. Defendants' violations of the New Jersey Wage Laws include, but are not limited to not paying Named Plaintiff and Class Plaintiffs for time worked on pre-shift and post-shift activities.

66. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly is willful and not based upon any reasonable interpretation of the law.

67. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**New Jersey Wage Laws**
**(Failure to pay Wages Earned)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. At all times relevant herein, Defendants have and continue to be employers within the meaning of the New Jersey Wage Laws.

70. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Class Plaintiffs.

71. At all times relevant herein, Named Plaintiff and Class Plaintiffs were employed with Defendants as "employees" within the meaning of the New Jersey Wage Laws.

72. Under the New Jersey Wage Laws, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

73. Defendants' violations of the New Jersey Wage Laws include, but are not limited to not paying Named Plaintiff and Class Plaintiffs for time worked on pre-shift and post-shift activities.

74. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

75. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Named Plaintiff and Collective Plaintiffs, and Class Plaintiffs should be accorded those benefits illegally withheld.

(3) Named Plaintiff and Collective Plaintiffs, Class Plaintiffs are to be awarded liquidated and/or punitive damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

                              Respectfully Submitted,

                              */s/ Justin L. Swidler*

                              Justin L. Swidler, Esq.
                              Richard S. Swartz, Esq.
                              **SWARTZ SWIDLER, LLC**
                              1878 Marlton Pike East, Ste. 10
                              Cherry Hill, NJ 08003
                              Phone: (856) 685-7420
                              Fax: (856) 685-7417

Date:  August 24, 2012