
SWARTZ SWIDLER, LLC

ATTORNEYS AT LAW

1878 Marlton Pike East<br>
Society Hill Office Park, Suite 10<br>
Cherry Hill, NJ 08003<br>
Tel: (856) 685-7420<br>
Fax: (856) 685-7417<br>
jswidler@swartz-legal.com

June 25, 2013

**VIA ECF**
The Honorable Joel Schneider
U.S. District Court, District of New Jersey
Mitchell H. Cohen Building & United States Courthouse
4th & Cooper Streets
Camden, NJ 08101

     **Re:    Bobryk v. Durdand Glass Manufacturing Company, Inc.**

Dear Judge Schneider:

    As Your Honor may recall, I represent Plaintiff Cindy Bobryk in the above-referenced matter.

    I write in response to Defendant's letter today requesting an extension to the pretrial fact discovery regarding conditional and Rule 23 discovery (current end date of June 28, 2013), and a corresponding extension to file plaintiff's motion for conditional and Rule 23 class certification.  I write in response to Defendant's letter and to clarify certain issues in conneciton with that request.

    In Plainitff's dicussion with Defendant yesterday evening, Plaintiff did not object to Defendant's request to extend discovery to take additional depositions **provided** Plaintiff received proper class discovery in connection with this matter.  Defendant, however, refused to agree class-based discovery, and accordingly, Plaintiff will not agree to continue to prolong this matter.  Throughout this matter, Defendant has engaged in one-way discovery regarding class issues in the following ways:

- Defendant has not produced time punches or methods of tracking hours of putative class members or relevant discovery of putative class members.[1]  Plaintiff requested such discovery in connection with her first request for the production of documents.  In deficiency letters dated March 27, 2013, and April

---

[1] For example, Plaintiff's Document Request No. 1 sought, *inter alia*, "any and all payroll documents which support, memorialize, or otherwise reflect upon the number of hours former and current hourly employees worked each week, the pay rate(s) received for each hour worked, any and all bonuses and other remuneration paid to them each week during the last three years."  Plaintiff's Document Request No. 2 sought, "any and all documents . . . which support, evidence, relate to, discuss, memorialize, or otherwise reflect upon the method in which Defendant tracked non-exempt employee hours, including but not limited to timesheets, clock-in and/or clock-out forms, and/or computer log-in forms."



ATTORNEYS AT LAW

9, 2013, Plaintiff noted that Defendant had not produced the methods in which Defendant tracked non-exempt employee hours, and Defendant had not produced the time records and wage documents of all hourly, non-exempt employees.

- In response to Plaintiff's request for class discovery, on May, 21, 2013, Defendant only agreed to belatedly produce the time records and punches of what it claimed was all "cold end mechanics."  On June 18, 2013, Defendant produced the time records of three additional individuals who were apparently from the cold-end mechanics department (Defendant has produced a total of 5 individual's time records in this case, despite requests for records regarding the entire putative class – Defendant has thus far failed to producde time records for even all the opt-in plaintiffs).

- The overwhelming authority provides that Plaintiff is entitled to discovery regarding the proposed class prior to certification.  *See Stillman v. Staples, Inc.*, 2007 U.S. Dist. LEXIS 58873 (D. NJ. 2007) (Schwartz, J., recently appointed to the United States Court of Appeals for the Third Circuit) ("[D]isovery aimed to gather information about [the identities of class members and common policies/practices] is relevant to the proper topic for an interrogatory even before the collective action is certified."); *Capitani v. McDonald's Corp.*, 2010 U.S. Dist. LEXIS 57873 (D. Del 2010) (granting plaintiff's motion to compel and requiring defendant to produce discovery regarding to the identity of class members and locations prior to conditional certification); *Woods v. New York Life Insurance Company,* 686 F.2d 578, 581 (7th Cir. 1982) ("there will be cases in which a plaintiff can properly use the discovery process to compel the employer to give him detailed information regarding other employees, potential joiners in the action") *Sjoblom v. Charter Communications, LLC*, 2008 U.S. Dist. LEXIS 4276928, at *2-3 (W. D. Wis. 2008) (Granting plaintiff's motion to compel and finding that "**some discovery is necessary prior to conditional certification . . . the identity of defendant's employees and employment practices related to those employees are reasonably likely to yield support for plaintiff's class allegations.  It also is information that plaintiff cannot easily obtain on his own.**"); *Fei v. WestLB AG,* 2008 U.S. Dist. LEXIS 33310, at *5-6, (S.D.N.Y. 2008) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) and other cases for the proposition that conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members); *Sedtal v. Genuine Parts Co.,* 2009 U.S. Dist. LEXIS 63261 (E.D. Tex. 2009) ("ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered"); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553-54 (N.D. Ill. 2008) ("provisional certification is not necessarily a prerequisite for conducting limited discovery for defining the proposed class"); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003) (Pre-certification disclosure is "necessary for the plaintiff to properly define the proposed class."); *Morden v. T-Mobile USA, Inc.*, 2006 U.S. Dist LEXIS 42047, at *6-7 (W.D. Wash. 2006) ("provisional  certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class");



ATTORNEYS AT LAW

*Whitehorn v. Wolfgang's Steakhouse, Inc.* 2010 U.S. Dist. LEXIS 58460 (S.D. NY. 2010) ("the weight of authority in this district counsels in favor of allowing [pre-conditional certification discovery regarding the identities of class members] in FLSA cases.").

- In connection with Defendant's request to depose opt-in Plaintiff LeShon Golden, Plaintiff advised that she should be provided with all time records and punches of Ms. Golden, and the records and punches of other cold-end packers in her department. Defendant refused to produce the records of such other packers and only produced partial time records of Ms. Golden on June 18, 2013. Such records were deficient however because such punches only extended up to approximately July, 2012, which failed to provide adequate records into how Defendant's policies are currently applied to its non-exempt employees.

- Defendant further produced the affidavits of approximately 8 non-exempt production employees. Defendant did not produce the time records of such individuals, effectively denying Plaintiff the legitimate opportunity to engage in discovery as to pay policies and practices with regard to such individuals, another example of the one-sided discovery engaged in thus far by Defendant in this matter (as Plaintiff cannot reasoably dispute such allegations without documentary evidence regarding the time rounding system as it applied to each declarant). Moreover, Defendant has refused to produce the identies of individuals in the same departments of the declarants, thereby giving Plaintiff a distinct disadvantage in that, the only witnesses of the putative class who have been identified, are the 8 cherry-picked individuals who signed declarations to support Defendant's position in this matter.

- While Defendant has requested to take the depositions of all opt-ins in connection with this litigation (which notices were sent to Plaintiff on Thursday, July 20, 2013, noticing depositions for Friday, June 28, 2013), Defendant has not provided all time records for such individuals, another example of the one-sided discovery engaged in by Defendant.

- While Defendant promised certain additional documents, such as confidential documents and/or "reports," no such documents have been produced at this time, presumably in an attempt to further deny Plaintiff's discovery efforts.

Additionally, the testimony of the recent opt-ins is no more relevant or useful to this case than the testimony of any other member in the putative class. These opt-ins were identified (generically, by job title) by Plaintiff as far back as April, when Plaintiff responded to interrogatories and identified all non-exempt hourly employees as invidiuals who have relevant information regarding the pre-shift and post-shift work duteis and rounding policies of Defendant. That Defendant chose not to depose any individual – despite the fact that all such individuals have relevant information – unless the indivdiual opted into the ligitation – was a strategical decision by Defendant, perhaps partially motivated to chill other would-be opt-in Plaintiffs from joining. Defendant should not be



ATTORNEYS AT LAW

awarded by its decision by being permitted to postpone motion practice (in a case where the statute of limitations is not tolled for absent FLSA plaintiffs). Plaintiff notes that she is optimistic that more individuals will continue to opt-in to this action prior the Court ruling on the certification motion. If Defendant is permitted to postpone discovery deadlines and depose all such individuals after they op-in (despite being on notice for months that the entire putative class – whether they have opted in or not – have relevant information in this case), discovery will be perpetual and non-ending. This result would signficantly benefit Defendant – at the expense and prejudice of absent class members – because the statute of limiations does not toll for FLSA plaintiffs until they file a Consent Form with this Court. Hence, delaying the timing of the notice prejudices plaintiffs at the expense of Defendants.

To the extent that Defendant seeks to take additional discovery into any non-exempt production employees, Plaintiff does not object to that request provided that (1) Defendant provide the identies, contact information, and time and pay records of the entire putative class; (2) Defendant provide time records and pay records for each opt-in plaintiff it wishes to depose; and (3) Defendant agrees to toll that statute of limitations for absent FLSA plaintiffs for 30 days (the amount of additional time Defendant has requested).

Plaintiff thanks the Court for its consideration to this matter.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**

cc:  Thomas Barton, Aaron Moyer, counsel for Defendant (via ECF)