**DrinkerBiddle&Reath**
L L P

Thomas J. Barton
215-988-2834 Direct
215-988-2757 Fax
thomas.barton@dbr.com

*Law Offices*
One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

July 3, 2013

**VIA ECF AND FACSIMILE**

The Honorable Joel Schneider
U.S. Dist. Court, District of New Jersey
4th & Cooper Streets
Camden, New Jersey 08101
Fax: 856-757-5355

   Re:  **Bobryk v. Durand Glass Manufacturing Co., Inc.**
      **Docket No. 12-cv-5360**

Dear Judge Schneider:

  This firm represents Defendant Durand Glass Manufacturing Co., Inc. ("Durand") in the above-referenced matter. I write today in response to Plaintiff's June 25, 2013 correspondence and pursuant to Your Honor's June 26, 2013 Order.

**BACKGROUND**

  Plaintiff Bobryk filed the instant suit on behalf of herself and others similarly situated. She alleges, among other things, that she and others have not been paid appropriately for certain pre- and post-shift work activities while employed by Durand. This matter comes before the Court following Durand's June 25, 2013 request for additional time to take the depositions of the three individuals who filed consents to opt-in to this matter.

  Conditional and Rule 23 discovery was set to end on June 28, 2013. The parties engaged in written discovery and document exchange and scheduled depositions to take place in June. As set forth more fully in Durand's June 25, 2013 letter to the Court, Durand attempted to work with Plaintiff's counsel to find a mutually agreeable date to schedule the depositions of the three opt-in plaintiffs, and Durand finally sent formal notices of deposition on June 20, 2013. However, Plaintiff's counsel advised Durand that they were unavailable to produce the witnesses that day for depositions, and Plaintiff refused to consent to Durand's request for additional time to take the depositions unless Durand provided the names and contact information for each member of the entire putative class. Durand accordingly sent its June 25, 2013 letter to the Court requesting additional time to schedule the three depositions. Plaintiff responded to Durand's letter by sending her own letter to the Court on June 25, 2013 complaining that she should receive additional discovery regarding the entire putative class.

*Established 1849*

DrinkerBiddle&Reath
L L P

The Honorable Joel Schneider
July 3, 2013
Page 2

During the course of discovery thus far, Durand has provided over 2,300 pages of documents and over 600 emails in response to Plaintiff's discovery requests, in addition to written interrogatory responses, document request responses, responses to two sets of requests for admissions, and corporate designee testimony regarding the entire putative class. Plaintiff has provided written discovery responses and produced a total of 39 pages of documents.

Plaintiff sent Durand deficiency letters on March 27, 2013 and April 9, 2013, and Durand responded to those deficiency letters on May 21, 2013, including by producing additional documents. Also, in its response, Durand offered to discuss the issues further if its responses were not satisfactory to Plaintiff. Plaintiff did not raise these issues again until its correspondence with the Court on June 25, 2013.

Counsel for the parties held a telephone call on Monday, July 1, 2013 to confer regarding these issues. The parties were able to resolve most of the disputed discovery issues.

**ANALYSIS**

The following outlines the issues before the Court as discussed by the parties during their telephone conference on July 1, 2013:

- <u>Depositions</u> – Counsel for both parties are available on the following dates to take the depositions of the three opt-in plaintiffs, Lashon Golden, Brendan Dunn, and Cynthia Brownlow: July 22, 25, 26 and 31, 2013. Plaintiff's counsel has confirmed that Ms. Golden is available those days, and Plaintiff's counsel is confirming the availability of the other two individuals.

- <u>Names, Time Punches and Payroll Records the Entire Putative Class</u> – The parties have engaged in significant class wide discovery. Among other things, Durand has produced documents for the entire putative class related to: job descriptions showing duties and responsibilities, relevant company policies, shift times, required PPE, company communications regarding PPE, information regarding rounding and grace periods for every position, and shift payment information. Durand also produced corporate representatives to testify in response to Plaintiff's 30(b)(6) deposition notice, which included testimony on over 25 separate topics identified by Plaintiff related to the entire putative class. In addition, Durand has produced time records and wage records for Plaintiff Bobryk and the individuals holding the same position as Plaintiff Bobryk, and has agreed to produce these records for the three individuals who have filed consents to be opt-in plaintiffs.

DrinkerBiddle&Reath
L L P

The Honorable Joel Schneider
July 3, 2013
Page 3

Durand believes that Plaintiff's requests for names, time punches and payroll information for each and every putative class member for a three year period (which would be over 500 individuals) is overly broad, unduly burdensome, premature and neither relevant nor reasonably calculated to lead to the discovery of admissible information for purposes of Plaintiff's motion for conditional and Rule 23 certification.

First, although Plaintiff now claims to seek the names of all alleged putative class members, only upon adjudication of the motion for conditional certification will the contours of that putative class be defined. At this stage, "the court makes a preliminary determination of whether individuals are similarly situated by examining the pleadings and affidavits." Crawford v. Dothan City Board of Education, 214 F.R.D. 694, 695 (M.D. Ala. 2003). Once the exact scope of the putative class is defined following certification, upon examination of the discovery which Durand has already produced (referenced above), production of the names of the employees within that class is appropriate. See e.g. Barton v. The Pantry, Inc., No. 1:04-CV-00748, 2006 U.S. Dist. LEXIS 62989, 2006 WL 2568462, *2 (M.D.N.C. Aug. 31, 2006) (disclosure of names not necessary "until the Court rules on Plaintiffs' anticipated motion for conditional certification of FLSA claims, and the required disclosure at that time will reflect the scope of any class certified.") Moreover, in instances where courts have compelled the production of the names of putative class members prior to certification, they have imposed limitations on the information plaintiffs' counsel may obtain, particularly where the scope of the putative class is in dispute. See e.g. Morales v. Plantworks, Inc., No. 05-cv-2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (limiting discovery to names of non-managerial employees who worked for defendant during a specific time period).

Aside from the names of the putative class members, there is no support in the law for Plaintiff's request for the production of the putative class members' time punches and payroll information. In the cases where production of the putative class members' names is required, it is done solely to "facilitat[e] notice to potential plaintiffs," not to provide more detailed discovery more appropriately suited for the post-certification stage. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). See also Severtson v. Phillips Beverage Company, 137 F.R.D. 264, 267 (D. Minn. 1991) (denying discovery of putative class members' names and addresses because magistrate judge had not "ma[d]e a preliminary inquiry as to whether a manageable class exist[ed]" before authorizing notice to putative class); Robbins v. NCO Financial Systems, Inc., et al, No. 2:06-cv-00116, 2006 WL 3833352 (N.D. Ind., Dec. 12, 2006) (holding that "[t]he relevancy of information regarding putative class members generally is limited during the pre-certification stage. . . Capital One

DrinkerBiddle&Reath
L L P

The Honorable Joel Schneider
July 3, 2013
Page 4

properly resists Robbins' request for the names, addresses, and 'complete file, including computer information,' of each putative class member.")

Accordingly, Durand respectfully requests that the Court permit additional time to permit Durand to take the depositions of the three opt-in plaintiffs. Durand further requests that the Court deny Plaintiff's requests for additional discovery.

Thank you for Your Honor's consideration of this matter.

Respectfully,

*Thomas J. Barton*/D.M.

Thomas J. Barton

TJB

cc:   Justin Swidler (via ECF and electronic mail)
      Nicholas George (via ECF and electronic mail)
      Aaron M. Moyer (via ECF and electronic mail)

PHLIT/ 1944046.2