

1878 Marlton Pike East<br>
Society Hill Office Park, Suite 10<br>
Cherry Hill, NJ 08003<br>
Tel: (856) 685-7420<br>
Fax: (856) 685-7417<br>
jswidler@swartz-legal.com

July 5, 2013

**VIA ECF**
The Honorable Joel Schneider
U.S. District Court, District of New Jersey
Mitchell H. Cohen Building & United States Courthouse
4th & Cooper Streets
Camden, NJ 08101

  Re: **Bobryk v. Durdand Glass Manufacturing Company, Inc.**

Dear Judge Schneider:

  As Your Honor may recall, I represent Named Plaintiff Cindy Bobryk in the above-referenced matter. I write in response to Defendant's July 3, 2013 letter and pursuant to Your Honor's June 26, 2013 Order (Dkt. 22). Your Honor's June 26, 2013 Order provided that the parties were to meet and confer to resolve their disputes. While the parties did meet and confer by way of teleconference on July 1, 2013, such conference was not engaged in by good faith on the part of Defendant, as evidenced by Defendant's July 3, 2013 letter to Your Honor.

  On Monday, July 1, 2013, Plaintiffs' counsel proposed a reasonable solution to the parties' discovery disputes. Named Plaintiff advised that she would withdraw her objections to Defendant's request to extend discovery for additional depositions, if Defendant agreed to produce certain class based discovery,[1] in addition to the time records of the three opt-in Plaintiffs and the approximate eight affiants that Defendant produced in anticipation of opposing Plaintiff's motion for class certification. Defendant advised that it would provide a response to such requests by Wednesday, July 3, 2013, in an effort to potentially resolve the discovery dispute. Defendant also agreed to provide greater detail in connection with numerous time-records audits withheld on account of the "self-critical analaysis" privilege.[2]

---

[1] In lieu of Named Plaintiff's request for the identification of putative class members, Named Plaintiff advised Defendant that she would withdraw her request for such information if Defendant agreed to produce a random sampling of approximately 5% to 10% of the time and pay records Defendant's non-exempt production employees with names and personal identifiers redacted – with the exception of employee identification numbers and job titles.

[2] On June 28, 2013, Defendant provided Named Plaintiff with its privilege log which withheld approximately 15 audits / reports on the basis of the "self-critical analysis privilege." Many of these entries were cryptic, with authors listed as "unknown," recipients listed as "Durand," and without any detailed description as to the subject matter. The "self-critical analysis privilege" is a limited privilege that has



Defendant, however, did not respond to Plaintiff's proposals directly and instead filed its letter with the Court (Dkt. 24) requesting that the Court deny Plaintiffs' requests in their entirety.  Defendant's letter amounted to a refusal (1) to provide any class-wide discovery as requested, (2) to provide any time-records of the eight affiants provided by Defendant in an attempt to defeat Plaintiff's eventual motion for class certification, and (3) to provide additional information as to documents withheld on the grounds of the limited "self-critical analysis" privilege.  Defendant's failure to even address these issues in its letter exemplifies that Defendant failed to "meet and confer" in good faith in violation of this Court's July 26, 2013 Order.

Defendant's claim in its July 3, 2013 letter that Plaintiff is not entitled to further discovery due to the 2,300 pages of documents" and "600 emails"[3] produced by Defendant simply distracts this Court from the relevant issues.  It should further be noted by this Court that Defendant only produced such documents after numerous deficiency letters from Named Plaintiff dating back as early as March 27, 2013.[4]  It was not until June 18, 2013 (less than 2 weeks prior to the extended discovery end date), that Defendant finally produced Named Plaintiff's "rounded time" records (i.e. the records evidencing Defendant's time rounding policies as applied to Named Plaintiff).  That same day (June 18, 2013), Defendant produced the incomplete time records of four other employees (one of whom was an opt-in Plaintiff, three of whom shared the same job title as Plaintiff).  These three other employees are the only employees whom *Defendant* believes are appropriate for class wide discovery.  Plaintiff has contended for months, however, that *all* non-exmpt production employees are appropriate for class wide discovery, in part because of Defendant's admission that the same "seven minute" rounding rule was applied to *all* such employees since atleast mid-2011 for all pre and post shift tasks worked (including the donning and doffing of protective personal equipment).

On one hand, Defendant has refused to produce the names, confact information and job titles of various employees so that Plaintiff cannot conduct a legimate investigation with respect to various putative class members.  On the other hand, Defendant has refused to produce the time records of a legitimate sampling of non-

---

never been recognized by the Third Circuit.  *See Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342, 351 n. 12 (3rd Cir., 2009) ("The self-critical analysis privilege has never been recognized by this Court and we see no reason to recognize it now.").  Moreover, in a Lexis key word search of the District of New Jersey and Third Circuit cases, none of the cases in which the term "self-critical analysis privilege" appeared applied such a privilege to the Fair Labor Standards Act or wage and hour laws generally.

[3] These emails consisted mostly of a .pst file of Named Plaintiff's emails sent from her work e-mail account and produced by Defendant on June 18, 2013.  Named Plaintiff's .pst e-mail file were produced directly from Defendant's email system and do not represent a burdensome effort by Defendant in terms of the backing up and production of such native files sent to or from Named Plaintiff's e-mail account.

[4] Defendant's initial production on February 22, 2013, totaled less than 800 pages of documents and omitted various relevant documents such as Named Plaintiff's "rounded time" records.  Additionally, documents evidencing Durand's rounding policies for all non-exempt employees prior to approximately April, 2011, were not produced by Defendant until the deposition of its 30(b)(6) designee on June 26, 2013, just prior to the discovery end date.



exempt production employees so that Plaintiff cannot conduct a legitimate analysis of Defendant's pay practices and policies on an *as applied* basis to putative class members.[5] Moreover, Defendant's failure to even mention or consider Plaintiff's reasonable proposal to settle this discovery dispute reveals that Defendant never met and conferred in good faith in the first instance.

Defendant's position that Named Plaintiff is not entitled to the names of putative class members or other legitimate class discovery is contrary to the law in this district. *See Stillman v. Staples, Inc.*, 2007 U.S. Dist. LEXIS 58873 (D. NJ. 2007) (Schwartz, J.) ("[D]isovery aimed to gather information about [the identities of class members and common policies/practices] is relevant to the proper topic for an interrogatory even before the collective action is certified."). Recently Magistrate Judge Mark Falk, in a letter opinion issued in *Asrifi, et al. v. West Hudson*, civ. action no. 11-4039 (Dkt. 71, filed 7/3/13) (attached hereto as Exhibit A), followed Judge Swartz' opinion in *Stillman*, and held that plaintiffs in a proposed collective action are permitted to seek limited discovery in advance of filing a collective action motion.

Accordingly, this Court should deny Defendant's request to extend the discovery end date, or in the alternative, extend the discovery end-date for class wide discovery and grant Plaintiff's request for the production of the documents requested.

                                            Respectfully Submitted,

                                            */s/ Justin L. Swidler*
                                            Justin L. Swidler, Esq.
                                            **SWARTZ SWIDLER, LLC**

cc:  Thomas Barton, Aaron Moyer, counsel for Defendant (via ECF)

---

[5] While Defendant claims that it has "agreed to produce [the time records] for the three individuals who have filed consents to be opt-in plaintiffs," (Dkt. 24, p. 2) Defendant has still not yet produced such records and sets no time frame for the production of such records.