Case 1:12-cv-05360-NLH-JS   Document 25-1   Filed 07/05/13   Page 1 of 4 PageID: 94

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

July 3, 2013

*Via ECF*
Justin Swidler, Esq.
Swartz Swidler, LLC
1878 Marlton Park East
Suite 10
Cherry Hill, New Jersey
*Attorney for Plaintiff*

Stuart Weinberger, Esq.
Goldberg & Weinberger LLP
Attorneys at Law
630 Third Avenue
New York, New York 10017
*Attorney for Defendant*

Re:  Doris Asrifi, *et al.* v. West Hudson
     Civil Action No. 11-4039 (DMC)

Dear Counsel:

Plaintiffs Doris Asrifi and Chinew Nwafor were formerly employed as nurses at Defendant West Hudson's nursing center located in Kearny, New Jersey. They commenced this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56, *et seq.*, contending they were (1) not paid for all hours worked; and (2) not paid appropriate overtime compensation. Plaintiffs purport to bring their FLSA claims both individually and collectively on behalf of themselves and all others similarly

situated employees. Plaintiffs' NJWHL claims are pleaded as individual claims.

The case has an extensive history that the parties are familiar with. Relevant here, on January 29, 2013, District Judge Cavanaugh denied a pre-answer Rule 12(b)(6) motion and directed that, among other things, the "prospective collective action group should proceed with discovery." (Opinion & Order dated January 29, 2013 at 9.) Defendant has moved for clarification of Judge Cavanaugh's directive that discovery proceed, and that motion remains pending.

Following Judge Cavanaugh's Opinion, the parties have been embroiled in dispute over the proper scope of discovery. After the Undersigned attempted on multiple occasions to resolve the dispute informally, Plaintiffs were permitted to file a motion to compel discovery, which is now before the Court. After reviewing Plaintiffs' motion and Defendant's opposition thereto, the Court is unable to meaningfully resolve the motion—on the papers that have been submitted.

The parties' briefs are somewhat disorganized. While there are apparently disputes over individual interrogatory questions and document requests, it is not clearly explained. For example, Plaintiffs do not, within the briefing itself, identify the specific questions, answers and alleged deficiencies at issue. Instead, the briefs submitted appear to be directed to a more abstract question—*i.e.*., whether Plaintiffs are permitted to engage in discovery directed toward putative FLSA collective action members prior to the filing of a motion for conditional certification of a collective group. Plaintiffs also claims that they should be entitled to "comparator" discovery of other employees in "an effort to aid [their] individual claims." Defendant seems opposed to discovery beyond that related to the named plaintiffs, contending that allowing broader discovery would vitiate the two step process for certifying collective actions.

With respect to the FLSA discovery issue, the Undersigned fully subscribes to the view espoused by then-Magistrate Judge (and now Third Circuit Judge) Patty Shwartz in Stillman v. Staples, Inc., 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007), that the plaintiffs in a proposed collective action are permitted to seek limited discovery in advance of filing a collective action motion—in particular, "the names, addresses, position and title of employees with the same or similar job duties as the plaintiff[s]." Id. at *1. This Court will allow the discovery identified in Stillman (quoted above) and nothing more at this time. This is because conditional certification motions are expected to be made on a

2

Case 2:11-cv-04039-DMC-MF   Document 71   Filed 07/03/13   Page 3 of 3 PageID: 536

limited record. See, e.g., Zavala v. Wal-Mart Stores, 691 F.3d 527, 536 (3d Cir. 2012).[1]

With respect to any individual questions and answers at issue, the parties briefs are not formatted in a way that permits this Court to make an informed decision. As a general matter, the Court acknowledges the potential relevance of "comparator" discovery and would likely be inclined to allow Plaintiffs some leeway in seeking information to support their claims. See, e.g., Salamone v. Carter's Retail, Inc., 2011 U.S. Dist. LEXIS 41357 (D.N.J. Apr. 14, 2011) (ordering defendant to produce the identity and employment information of all potential comparators).

The Court has scheduled a discovery conference and hearing for July 12, 2013, to address outstanding discovery issues. The conference will proceed as scheduled. Counsel should be prepared to attend and participate on a continuing day-to-day basis until the vague disputes are resolved. Prior to the hearing, the parties should take the above general guidance and further meet-and-confer in-person to narrow the issues in dispute. On July 12, the non-prevailing party should be prepared to pay the costs and expenses associated with the dispute, as required by the Federal Rules. See Fed. R. Civ. P. 37(a)(5)(A).

The Clerk is requested to terminate Plaintiff's motion to compel discovery [CM/ECF No. 64.]

**SO ORDERED.**

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

---

[1] Defendants claim that Zavala and Symcyzk v. Genesis Healthcare, 656 F.3d 189 (3d Cir. 2011) prohibit discovery on putative collective action members prior to the filing of a conditional FLSA certification motion. It is true these cases emphasize that conditional certification motions should be made promptly and on a limited record. However, neither case squarely addresses the discovery issue.

Case 1:12-cv-05360-NLH-JS   Document 25-1   Filed 07/05/13   Page 4 of 4 PageID: 97