

1878 Marlton Pike East
Society Hill Office Park, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417
ngeorge@swartz-legal.com

July 11, 2013

<u>VIA ECF</u>
The Honorable Joel Schneider
U.S. District Court, District of New Jersey
Mitchell H. Cohen Building & United States Courthouse
4th & Cooper Streets
Camden, NJ 08101

  Re: **Bobryk v. Durdand Glass Manufacturing Company, Inc.**

Dear Judge Schneider:

  As Your Honor may recall, I represent Named Plaintiff Cindy Bobryk and others in connection with the above-referenced matter. I write to update the Court as to recent discovery developments in this matter.

  On July 9, 2013, merely two days ago, Defendant Durand Glass produced the affidavits of 12 putative class members, in addition to the 8 affidavits of putative class members already obtained by Defendant. Despite Plaintiffs' numerous requests for discovery in relation to the putative class members (including wage documentation and contact information of putative class members), Defendant continues to refuse to produce such discovery at this time. Consistently, Defendant has refused to produce even the wage records of the putative class members who have executed affidavits on Defendant's behalf. *See* Letter from Justin Swidler, dated July 5, 2013 (Dkt. 25).

  As a result of Defendant's July 9, 2013 production of the affidavits of additional putative class members (now totaling 20), it has become clear to Plaintiffs that Defendant has engaged in extensive *ex parte* communications and investigations with putative class members. On one hand, Plaintiffs have been denied the opportunity to obtain requested discovery into putative class members. On the other, Defendant and Defendant's counsel have engaged in unfettered *ex parte* communications with putative class members whose interests are adverse to Defendant's. Such communications have inevitably chilled putative class members' rights and desire to participate in this litigation styled to protect their wage and hour rights.

  Assuming (as Defendant improperly has) that such putative class members are not currently represented by Plaintiff's counsel in this litigation at the precertification stage, such putative class members (prior to certification) in the least hold a "hybrid status" and cannot simply be treated as "unrepresented parties" for purposes of a Rule 23 class



litigation. *See* Gutierrez, et al. v. Johnson & Johnson, No. 2:01-cv-5302 (DNJ) (Order of April 3, 2003, Dkt. 30, p. 5), *citing* MANUAL FOR COMPLEX LITIGATION (3D), Section 30.24 ("Although no formal attorney-client relationship exists between class counsel and the putative members of the class prior to class certification, there is at least an incipient fiduciary relationship between class counsel and the class he or she is seeking to represent."). "Because of this status, the putative class members have certain rights stemming from their potential interest in the litigation." *Id.*

At the least, putative class members must be informed, prior to any *ex parte* communications by an attorney whose interests are adverse to the putative class members' interests, as to their rights to participate in the litigation, their rights to contact an attorney prior to engaging in such investigations, as well as the *identity* of the Plaintiffs' attorney. *See id.*, p. 6 ("Common sense dictates that in order to protect these rights, the putative members be informed of the existence of the law suit and the identity of the attorneys for the plaintiffs, as well as the fact that it is a class action, and that they *may be part of the class*.") (emphasis added). "[I]dentifying class counsel is an important facet in complete disclosure to putative class members. Without such a disclosure, employees who wish to retain an attorney prior to or rather than participating in interviews . . . may not know where to turn." *Id.*, p. 7.

As Defendant refuses to provide requested discovery with respect to the putative class members (including those solicited or interviewed by Defendant *ex parte*), Plaintiffs have been effectively barred from discovery into matters at issue[1] and barred from advising putative class members as to their rights. Furthermore, many (if not all) putative class members have been chilled from participating in the litigation. Plaintiffs and the rights of putative class members have been prejudiced as a result.

Accordingly, Defendant should be prohibited from engaging in further unfettered *ex parte* communications with putative class members. This Court should further require Defendant to (1) produce all notes from *ex parte* communications, (2) identify all putative class members contacted by Defendant or Defendant's counsel for investigations or the solicitation of affidavits (including the dates of such communications and the manner of contact), (3) produce all drafts of declarations, (4) produce all writings shared with such putative class members, (5) and produce all time records of individuals contacted by Defendant for the purpose of conducting investigations (including the time records of all putative class members who have provided Defendant with affidavits). These records should be provided in addition to the class discovery already sought by Plaintiffs.

Finally, due to the July 9, 2013 production of extensive documents by Defendant (which included the last minute production of affidavits and time records of opt-in Plaintiffs after the class discovery end date), Plaintiffs are unable to digest such information with sufficient time to file a class certification motion by the currently scheduled deadline.

---

[1] Such matters include issues central to Plaintiffs' certification motion, namely Defendant's uniform policy not to pay putative class members overtime for pre-shift and post-shift work performed when such compensable time exceeds 40 hours in a given week.



      In addition to the discovery requested by Plaintiffs, Plaintiffs further request that this Court extend the July 15, 2013, deadline by which to file their motion for conditional and Rule 23 class certification. I look forward to discussing these matters in connection with tomorrow's scheduled oral argument.

      Respectfully Submitted,

      */s/ Nicholas D. George*
      Nicholas D. George, Esq.
      Richard S. Swartz, Esq.
      **SWARTZ SWIDLER, LLC**

cc: Thomas Barton, Aaron Moyer, counsel for Defendant (via ECF)