Thomas J. Barton
Aaron M. Moyer
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2700
*Attorneys for Defendant Durand Glass Manufacturing Co., Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CINDY BOBRYK, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DURAND GLASS MANUFACTURING COMPANY, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:12-cv-05360-NLH-JS |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DURAND GLASS MANUFACTURING COMPANY, INC.'S MOTION FOR PROTECTIVE ORDER

Thomas J. Barton, Esq.
Aaron M. Moyer, Esq.
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Tel:  (215) 988-2700
Fax:  (215) 988-2757
Thomas.Barton@dbr.com
Aaron.Moyer@dbr.com
*Attorneys for Defendant Durand Glass Manufacturing Company, Inc.*

PHLIT/ 1958844.2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.     PRELIMINARY STATEMENT ................................................................................ 1

II.    PROCEDURAL HISTORY ........................................................................................ 1

III.   FACTUAL BACKGROUND ..................................................................................... 1

IV.    ARGUMENT .............................................................................................................. 2

       A.   *The Documents Are the Result of a Self Critical Analysis* ........................... 4

       B.   *The Pertinent Information Is Available from Alternate Sources* ................. 5

       C.   *Durand Would Be Prejudiced By Being Compelled to Produce These Documents* ..................................................................................................... 5

       D.   *The Public Interest Supports Upholding the Privilege* ................................ 6

V.     CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alaska Elec. Pension Fund v. Pharmacia Corp.*,
    554 F.3d 342 (3d Cir. 2009)...........................................................................................4

*Bracco Diagnostics, Inc. v. Amersham Health Inc.*,
    No. 03-6025, 2006 U.S. Dist. LEXIS 75359 (D.N.J. Oct. 13, 2006) ............................. *passim*

*Brunt v. Hunterdon Cnty.*,
    183 F.R.D. 181 (D.N.J. 1998) ....................................................................................3, 7

*Cipollone v. Liggett Grp., Inc.*,
    785 F.2d 1108 (3d Cir. 1986) ........................................................................................2

*Harding v. Dana Transp., Inc.*,
    914 F. Supp. 1084 (D.N.J. 1996) ...................................................................................3

*Spencer Savings Bank, SLA v. Excell Mortg. Corp.*,
    960 F. Supp. 835 (D.N.J. 1997) .....................................................................................3

*Todd v. S. Jersey Hosp. Sys.*,
    152 F.R.D. 676 (D.N.J. 1993) .......................................................................................3

*U.S. v. Hackensack Univ. Med. Ctr.*,
    No. 01-4078, 2003 U.S. Dist. LEXIS 15225 (D.N.J. Aug. 31, 2003) ............................4

*Wylie v. Mills*,
    195 N.J. Super. 332, 478 A.2d 1273 (Super. Ct. Law Div. 1984) .................................4

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 26(c) ..........................................................................................................2

Fed. R. Evid. 501 ..............................................................................................................3

I.  **PRELIMINARY STATEMENT**

Defendant Durand Glass Manufacturing Company, Inc. ("Durand") brings this motion for a protective order to protect from disclosure certain self critical analysis documents that Plaintiffs have requested in this matter. The documents at issue contain self critical analysis designed to ensure existing and ongoing compliance with various laws, including wage and hour laws, and should be protected from disclosure pursuant to the self critical analysis privilege. This privilege has been recognized and applied by a number of federal courts, including within this District.

II.  **PROCEDURAL HISTORY**

Plaintiff Bobryk initiated this action on August 24, 2012 alleging that she and the putative class have not been paid appropriately for pre- and post-shift work activities. The conditional and rule 23 fact discovery period was set to end on June 28, 2013, but was extended after the parties brought several discovery issues to the Court.

While briefing those other discovery issues, Plaintiffs' counsel raised the fact that Durand had withheld certain documents pursuant to the self critical analysis privilege in a footnote to one of Plaintiffs' letter briefs. At oral argument regarding the other discovery issues on July 12, 2013, the Court directed Durand to file a formal motion for protective order regarding the self critical analysis privilege.

III.  **FACTUAL BACKGROUND**

Durand produced a privilege log identifying the documents that Durand has withheld in this matter as privileged. *See* Ex. A.[1] Durand's privilege log identifies fifteen documents as withheld under the self critical analysis privilege.[2]

---

[1] Plaintiffs have not produced a privilege log in this matter.

The withheld self critical analysis documents include audits, corrective actions resulting from the audits, and internal emails related to the audits. The audits were initiated by customers of Durand and were designed to ensure compliance with various laws and standards, including wage and hour laws. Ex. B, Ojeda Dec. ¶ 2. The audits were performed by external auditors with participation by Durand and included fact gathering, a report from the auditors, and, in some cases, follow up measures to be taken. *Id.* ¶¶ 2-3. The emails identified on the privilege log reflect internal communications regarding the audits and/or corrective actions.

After receiving Durand's privilege log, Plaintiffs' counsel requested additional information related to certain documents listed on the log, including the documents withheld pursuant to the self critical analysis privilege. Durand provided the additional information sought by Plaintiffs' counsel as well as the authority on which it relied for asserting the privilege.

Counsel for the parties discussed this issue in good faith on the telephone but were unable to resolve this dispute. *See* Ex. C, Certification of Aaron Moyer. Accordingly, pursuant to the Court's July 12, 2013 Order, Durand files the instant motion for protective order to protect from disclosure the above self critical analysis documents.

## IV. **ARGUMENT**

Pursuant to Fed. R. Civ. P. 26(c), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." The party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

---

[2] Some of the documents are emails that were forwarded to counsel. Plaintiffs have not challenged Durand's withholding of the messages sent to counsel as privileged attorney-client communications. Rather, Plaintiffs challenge the application of the self-critical analysis privilege to the underlying documents that were forwarded to counsel.

"The self critical analysis privilege, or self evaluative privilege, has been recognized in a broad variety of cases in this District." *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2006 U.S. Dist. LEXIS 75359, at *6 (D.N.J. Oct. 13, 2006) (citing *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084 (D.N.J. 1996)). The justification underlying the protection is the importance of candid and conscientious self evaluation: "The value of self critical evaluations would be destroyed if not shielded from the discovery process." *Brunt v. Hunterdon Cnty.*, 183 F.R.D. 181, 185 (D.N.J. 1998); *see also Todd v. S. Jersey Hosp. Sys.*, 152 F.R.D. 676, 683 (D.N.J. 1993) ("frank self-criticism is important if organizations are to successfully pursue self-improvement").

Rule 501 of the Federal Rules of Evidence provides that federal common law governs claims of privilege unless the United States Constitution, a federal statute, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 501. In instances where the federal rule is unsettled, "a federal court may resort to state law analogies for the development of a federal common law of privileges." *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *8.

Although federal common law regarding the self critical analysis privilege in this District is unsettled, *see, e.g., Spencer Savings Bank, SLA v. Excell Mortg. Corp.*, 960 F. Supp. 835 (D.N.J. 1997) (recognizing that both New Jersey state law and federal common law have recognized self critical analysis privilege but finding to the contrary that it should not be recognized), a number of federal courts, including within this District, have recognized the privilege in some form. *See Brunt*, 183 F.R.D. at 185-86 (and cases cited therein); *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *9-10 (citing various contexts in which federal courts have applied the self critical analysis privilege); *Todd v. South Jersey Hosp. Sys.*, 152 F.R.D. 676, 683 (D.N.J.

1993); *Wylie v. Mills*, 195 N.J. Super. 332, 338, 478 A.2d 1273 (Super. Ct. Law Div. 1984).[3] Rather than adopting a "full fledged privilege," Courts have said that "a case by case balancing approach is sufficient to address self critical analysis concerns." *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *8. Courts have not, however, limited the privilege to any particular industry or area of law.

Courts apply a balancing test for analyzing the privilege in which they weigh the need for disclosure against the need for confidentiality. *See U.S. v. Hackensack Univ. Med. Ctr.*, No. 01-4078, 2003 U.S. Dist. LEXIS 15225, *6-7 (D.N.J. Aug. 31, 2003). Specifically, courts have looked at six factors: (1) whether the information is the result of a self critical analysis undertaken by the party seeking protection, (2) the extent to which the information is available from other sources, (3) the degree of harm the litigant will suffer from the information's unavailability, (4) the possible prejudice to the party asserting the privilege, (5) the public interest in preserving the free flow of the type of information sought, and (6) whether the information is of the type whose flow would be curtailed if discovery were allowed. *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *8-9.

A. ***The Documents Are the Result of a Self Critical Analysis***

In determining whether a document is the result of a self critical analysis, the Court must look at whether "'(1) the material sought has been prepared for mandatory government reports or for a critical-self analysis' and (2) the privilege is being 'extend[ed] only to subjective, evaluative materials, not objective data." *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *9-10. The documents at issue in this case relate to audits initiated by Durand's customers that are designed

---

[3] Although the privilege has been recognized in a broad range of cases, neither the Supreme Court nor the Third Circuit have directly addressed the existence of the privilege. *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *7-8; *see also Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342, 351 n.12 (3d Cir. 2009) ("The self-critical analysis privilege has never been recognized by this Court and we see no reason to recognize it now.").

to ensure that Durand is appropriately following various laws, including wage and hour laws. In other words, the audits were self critical documents created to measure Durand's compliance and advise the company regarding how to ensure compliance with various laws and regulations. Thus, as in *Bracco*, these were prepared for a self critical analysis. *Id.* at *11-12 (finding report by outside auditor to ensure compliance with sales and marketing laws was the result of self critical analysis and protected under the privilege).

    B.    ***The Pertinent Information Is Available from Alternate Sources***

The second consideration is whether the information at issue is available through an alternate or less intrusive source. *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *12. In this case, the factual information underlying the documents at issue is available through the discovery process. In the conditional and Rule 23 certification discovery stage, Plaintiffs have already had the opportunity to pursue—and have in fact pursued and received—much of this information. Durand has provided, among other things, interrogatory and document request responses, answers to multiple sets of requests for admission, thousands of pages of documents, and corporate designees to testify in response to Plaintiffs' 30(b)(6) deposition notice regarding 25 separate topics identified by Plaintiffs. There is no reason to invade the self critical, subjective analysis in these documents when the underlying factual information is already subject to discovery in this case.

    C.    ***Durand Would Be Prejudiced By Being Compelled to Produce These Documents***

The third and fourth prongs of the balancing test consider whether either party would be prejudiced from the information's unavailability or disclosure. *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *13. Plaintiffs would not be prejudiced by the application of the privilege. As discussed above, the underlying information is already being produced, or is subject to

discovery, as part of the normal litigation process in this matter. Durand, on the other hand, would be greatly prejudiced by disclosure. The audits were performed in an effort to ensure compliance with various laws and standards. And, the reports were prepared with the expectation that they would be confidential, as evidenced by at least one of the reports being marked "Privileged and Confidential." *See id.* at *15 (finding that "because [Plaintiff] has access to the factual information underlying the PWC report, it would suffer less prejudice from non-production than [Defendant] would suffer from production").

D.   ***The Public Interest Supports Upholding the Privilege***

The fifth and sixth prong consider the public interest in applying the privilege and whether applying the privilege would curtail the flow of information.

The public interest supports encouraging companies to engage in the type of self critical analysis that underlies these documents. In *Bracco*, the Court analogized this interest to Fed. R. Evid. 407, the subsequent remedial measures rule. *Bracco*, 2006 U.S. Dist. LEXIS 75359, at *16-19. Underlying Rule 407 is "the social policy of encouraging people to take or at least not discourage them from taking, steps in furtherance of added safety." *Id.* at *18. Similarly, underlying the self critical analysis privilege is the need to promote candid and forthright self evaluation. *Id.* ("The privilege protects an organization or individual from the Hobson's choice of aggressively investigating accidents or possible regulatory violations, ascertaining the causes and results, and correcting the violations or dangerous conditions, but thereby creating a self-incriminating record that may be evidence of liability, or deliberately avoiding making a record on the subject (and possibly leaving the public exposed to danger) in order to lessen the risk of civil liability.").

The audits and related documents in this case were initiated to ensure compliance with, among other things, wage and hour laws designed to protect employees, and documents with

- 6 -

subjective analysis regarding such compliance and any necessary remedial measures should be protected. Requiring disclosure of such subjective, self critical information, particularly where the underlying facts are still subject to discovery, would have a chilling effect on self-analysis, which would curtail the flow of this type of information and run counter to the public's interest. *See Bracco*, 2006 U.S. Dist. LEXIS 75359, at *19-20 ("Thus, the Court finds that it is in the public interest for organizations, when faced with a possible violation of law or government regulation intended to protect the public, to attempt to expeditiously determine the causes and results, and correct them accordingly.").

Applying this balancing test, just as in *Bracco*, the audits and related documents at issue in this case must be protected by the self critical analysis privilege. In *Bracco*, the Court applied the balancing test and, based on the protection of the self critical analysis privilege, denied the plaintiff's motion to compel a report by an external auditor regarding the defendant's sales and marketing practices, which audits were obtained as part of a compliance program designed to ensure that the company's practices were in accordance with the many laws and regulations governing such sales and marketing. 2006 U.S. Dist. LEXIS 75359, at *23. Likewise, in this case, Durand's audits to ensure compliance with various laws and regulations, and recommend changes where necessary, should be protected from disclosure.

At the very least, plaintiffs should only be entitled to the factual information contained in the reports themselves, not the subjective conclusions, emails, and discussions regarding opinions about the reports. *See Brunt*, 183 F.R.D. at 189 ("the Court finds that Plaintiff is entitled to only factual information underlying the Prosecutor's Report and not reference to opinion, conclusion, mental impression, or evaluations contained in the Prosecutor's file").[4]

---

[4] Furthermore, only limited sections of the reports deal with issues potentially related to this case, and only those portions of the reports are even arguably relevant to this action.

V.   **CONCLUSION**

Accordingly, for the reasons set forth above, Durand respectfully requests that this Court issue a protective order protecting these self critical analysis documents from disclosure.

|  |  |
|---|---|
| Dated:  July 26, 2013 | /s/ Thomas J. Barton<br>Thomas J. Barton, Esq.<br>thomas.barton@dbr.com<br>Aaron M. Moyer, Esq.<br>aaron.moyer@dbr.com<br>DRINKER BIDDLE &REATH LLP<br>One Logan Square, Ste. 2000<br>Philadelphia, PA 19103-6996<br>Tel: (215) 988-2700<br>Fax: (215) 988-2757 |