IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CINDY BOBRYK, *et al.*<br><br>        Plaintiffs,<br>  v.<br><br>DURAND GLASS MANUFACTURING COMPANY, INC., *et al.*<br><br>        Defendants. | CIVIL ACTION NO 1:12-05360 |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL AND TO LIMIT PRE-CERTIFICATION COMMUNICATIONS TO CLASS MEMEBRS**

Defendant, in its opposition, argues that it acted ethically and properly when it requested its own employees to sign declarations against their interest to support Defendant in this litigation. Defendant defends its conduct for various reasons, but mostly argues that Plaintiffs have failed to provide a factual basis to support their argument that Defendant's conduct was abusive. Plaintiffs have already provided this Court with a substantial record in this regard, and will not use this Reply Brief to rehash same.[1]

However, since filing their initial motion, additional discovery (which was ordered by this Court) has been provided which further substantiates the fact that Defendant knew or should have known that it was requesting its employees to sign declarations that were false. For example, 14 of such declarations contained categorical statements that Defendant "never" failed to pay overtime, that such putative class members were not entitled to overtime, or that Defendant "always" paid employees for all time and overtime worked. *See* Plaintiffs' Brief in Support (Dkt. 35), pp. 7-8. Yet all of these 14 declarants– who presumably signed the

---

[1] Defendant further argues that it used a "script" which properly disclosed that the employees were signing declarations against their interests, and properly informed such employees of the litigation, including fairly describing the dispute. That Defendant has refused to provide same to Plaintiffs or this Court, suggesting that the script was about as "neutral" as Defendant's unlawful rounding policy discussed herein.

declarations at the request of Defendant and/or its counsel – signed these declarations against their own interests and the objective factual record as provided by Defendant's time records. The time records provide that the rounding policy implemented by Defendant is *not* neutral and resulted in regular and daily reductions in pay for all workers – including the 14 individuals cherry picked by Defendant to provide categorical declarations in this case.  As Defendant had these records in its possession at the time it requested these 14 putative class members to sign declarations that were against the putative class member's own interests and against the objective factual reality of the workplace policies implemented by Defendant, Defendant's conduct in seeking such declarations in an ex-parte fashion demonstrates the serious need for this Court's intervention.

Attached below is a chart which demonstrates the net effect the "7-minute" rule had on the 14 declarants during the 3-week period of November 1-21, 2012.  This period was chosen to provide a fair sample of the effect of the 7-minute rule, although there is little doubt that a similar result will occur regardless of which 3-week period is used.  The rounding policy of the 7-minute rule has a clear detrimental effect to employees, and Defendant's getting putative class members to sign declarations against their own legal interests – all without advising such individuals of their right to counsel and without providing a neutral explanation of the litigation – constitutes abuse.



As the Chart above demonstrates, rather than resulting in a "neutral" effect, the rounding policy implemented by Defendants routinely denied the 14 declarants (who claimed that Defendant "never" violated any wage and hour laws or something to similar effect) compensation for hours worked.  (This Chart is based on the time records provided by

Defendant, which records are attached as "Exhibit A"). During just this three week period, the 14 putative class members who signed declarations against their interests were denied a total of 13.7 hours of compensation. Out of the 236 clock-in/clock-out periods, a whopping 185 times the round resulted in a benefit to Defendant (78.3% of the time). On the other hand, the round only benefitted the 14 declarants 34 times (14.4% of the time). The round had no effect on 17 occasions (7.2% of the time). Put another way, the "neutral" 7-minute rule which Defendant had 14 of its employees – who are also putative class members – *swear under oath did not result in diminution of pay*, was 5.4 times more likely to result in a diminution of pay than to benefit the employee. Defendant – and its counsel - rather than objectively explaining such factual information to the declarants, put Defendant's legal interests above their own employees and had them sign declarations designed to hamper their employees' ability to recover wages which are clearly owed to them.

In the face of such objective evidence, this Court should find that the ex-parte communications between Defendant's counsel and Defendant's employees were abusive, and should accordingly grant the relief requested.

Respectfully Submitted,

*s/Nicholas D. George*
Nicholas D. George, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
ngeorge@swartz-legal.com
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: July 26, 2013                              **ATTORNEYS FOR PLAINTIFFS**