## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CINDY BOBRYK, individually and on behalf of all those similarly situated, | : : : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : : | 1:12-cv-05360-NLH-JS |
| v. | : : : | |
| DURAND GLASS MANUFACTURING COMPANY, INC., | : : : | |
| Defendant. | : : : | |

## DECLARATION OF DANIEL H. AIKEN

I, DANIEL H. AIKEN, declare pursuant to 28 U. S. C. § 1746 as follows:

1. I am an attorney at law and in good standing in the State of New Jersey and an associate at the law firm of Drinker Biddle & Reath LLP, attorneys for Defendant Durand Glass Manufacturing Company, Inc. ("Durand") in the above-captioned matter. I make this declaration based on my personal knowledge, and in support of Durand's Opposition to Plaintiffs' Motion for Class Certification.

2. I have personal knowledge of the following.

3. The list attached as Exhibit 1 to this declaration reflects the position of job title for all employees whose time records have been produced in this case.

4. I have reviewed the eight time records attached to this declaration as Exhibits 2 through 9 in detail and made several calculations. Specifically, I have calculated the effect that Durand's rounding rules had on each employee's clock in and clock out punches. I then tallied

how many times a punch rounded in the employee's favor and how many times a punch rounded in Durand's favor.  By this, I mean that a punch rounded in the employee's favor if, on clocking in, the employee received the benefit of rounding back to the scheduled time, or to the fifteen minutes prior to the scheduled time; and on clocking out the employee received the benefit of rounding up to the scheduled time, or to the next quarter hour.  If the punch rounded up to the scheduled time or up to the nearest quarter hour on clocking in, or back to the scheduled time or nearest quarter hour on clocking out, then I considered that rounding to be in Durand's favor.

5.   For each record attached to this declaration, I determined the total number of minutes in either Durand's or an employee's favor during the period reflected in the attached records.  I did this by calculating the outcome of the rounding policy for each day's punches and then adding up each day's totals over the course of the approximately fourteen-month period.  For some of the attached records, I tallied the number of total punches in both Durand's and the employee's favor, as well as the net minutes per day in favor of the employee or Durand as a result of this rounding.

6.   Attached as Exhibit 2 to this declaration are the Kronos time records of Stanislav Goussev for the period between July 16, 2012, and September 22, 2013.  Mr. Goussev is a QC Controller in the Mold Shop.  Based on my review and calculations, 276 punches favored Mr. Goussev, 200 punches favored Durand, and 74 were neutral in that they were precisely on the quarter hour.  Overall, in terms of time, the rounding policy favored Mr. Goussev in the amount of 1507 minutes.

7.   Attached as Exhibit 3 to this declaration are the Kronos time records of Derrick Byrd for the period between July 16, 2012, and September 22, 2013.  Mr. Byrd is a Mold

Polisher in the Mold Shop. Based on my review and calculations, the rounding policy favored Mr. Byrd in the amount of 962 minutes.

8.   Attached as Exhibit 4 to this declaration are the Kronos time records of Courtney Bartley for the period between July 16, 2012, and September 22, 2013. Ms. Bartley is a Mold Fitter in the Mold Shop. Based on my review and calculations, the rounding policy favored Ms Bartley in the amount of 562 minutes.

9.   Attached as Exhibit 5 to this declaration are the Kronos time records of Daniel McMeekin for the period between July 16, 2012, and September 22, 2013. Mr. McMeekin is a Mold Welder in the Mold Shop. Based on my review and calculations, 220 punches favored Mr. McMeekin, and 309 punches favored Durand. Overall, in terms of time, the rounding policy favored Durand in this case by 302 total minutes.

10. Attached as Exhibit 6 to this declaration are the Kronos time records of Dale Mason for the period between July 16, 2012, and September 22, 2013. Mr. Mason is a Forklift Driver. Based on my review and calculations, 236 punches favored Mr. Mason, and 250 punches favored Durand. Overall, in terms of time, the rounding policy favored Durand in the amount of 221 minutes.

11.   Attached as Exhibit 7 to this declaration are the Kronos time records of Gerald Bricker for the period between July 16, 2012, and September 22, 2013. Mr. Bricker is a Chief Operator in the Hot End. Based on my review and calculations, 255 punches favored Mr. Bricker, and 208 punches favored Durand. Overall, in terms of time, the rounding policy favored Mr. Bricker in the amount of 86 minutes.

12. Attached as Exhibit 8 to this declaration are the Kronos time records of William Pierce for the period between July 16, 2012, and September 22, 2013.  Mr. Pierce is a Mold Shop Shift Crew Leader.  Based on my review and calculations, 33 punches favored Mr. Pierce, and 517 favored Durand.  Overall, in terms of time, the rounding policy favored Durand in the amount of 2776 minutes.

13. Attached as Exhibit 9 to this declaration are the Kronos time records of Larry Dimsha for the period between July 16, 2012, and September 22, 2013.  Mr. Dimsha is a Mold Machinist in the Mold Shop.  Based on my review and calculations, the rounding policy favored Mr. Dimsha in the amount of 46 minutes.

14. Attached as Exhibit 10 to this declaration is the PPE by Position Chart testified to by Stephanie Ojeda during her deposition.

15. Attached as Exhibit 11 to this declaration is the listing of positions and schedules applicable to the various positions within Durand, testified to by Stephanie Ojeda during her deposition.

16. Attached as Exhibit 12 to this declaration area the relevant pages of the deposition transcript of Cindy Bobryk.

17. Attached as Exhibit 13 to this declaration area the relevant pages of the deposition transcript of Cynthia Brownlow.

18. Attached as Exhibit 14 to this declaration area the relevant pages of the deposition transcript of Lashon Golden.

19.   Attached as Exhibit 15 to this declaration area the relevant pages of the deposition transcript of Kathryn Mauro.

20. Attached as Exhibit 16 to this declaration area the relevant pages of the deposition transcript of Stephanie Ojeda.

I declare under penalty of perjury subject to the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of April 2014, at Philadelphia, Pennsylvania

Daniel H. Aiken